IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Benson Bradley, | ) | Civil Action No.: 4:14-cv-1772-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| U.S. Foods, Inc., f/k/a | ) | |
| U.S. Foodservice, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Benson Bradley ("Plaintiff") filed this action on May 1, 2014, seeking recovery against Defendant U.S. Foods, Inc., f/k/a U.S. Foodservice, Inc. ("U.S. Foods"). Plaintiff was formerly employed by Defendant. The Complaint asserts that, during his employment with U.S. Foods, Plaintiff was "treated differently on the basis of race" in various ways. Compl., ECF No. 1 at pp. 2-3. Plaintiff further alleges that he was retaliated against for complaining to HR about the alleged discrimination. *Id.* at p. 4. The Complaint alleges a cause of action for race discrimination and retaliation pursuant to Title VII, 42 U.S.C. § 2000e, *et seq*. (Count I) The Complaint also alleges state law claims for intentional infliction of emotional distress (Count II), wrongful termination (Count III), and negligent retention and supervision (Count IV).

Defendant filed a motion for summary judgment on February 27, 2015. *See* Mot. for Summ. J., ECF No. 33. Plaintiff filed a response in opposition to the motion on March 16, 2015. *See* Pl.'s Resp., ECF Nos. 37 and 38. Defendant filed a reply in support of its motion on March 26, 2015, *see* Reply, ECF No. 39. The matter is now before the Court after the issuance of the Report and

Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] In the R & R, the Magistrate Judge recommends the Court grant Defendant's motion for summary judgment.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R. Therefore, Defendant's motion for summary judgment is granted.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, Defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If Defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat

a motion for summary judgment. *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989). In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

## FACTUAL BACKGROUND

The facts of this case, including citations to the record, are set forth in the Magistrate Judge's Report and Recommendation.[2] *See* R & R, ECF No. 83 at 2-11. Briefly stated, Plaintiff was employed by U.S. Foods as a Territory Manager ("TM") from late 1999 through November 12, 2012, when the plaintiff submitted a written resignation letter. Plaintiff alleges, *inter alia*, that he was treated differently from comparable Caucasian employees in that he was "constantly put on performance improvement plans by Defendant for neglecting to pay attention to his responsibility of growing the numbers, when other Caucasian employees were not placed on such plans." Compl., ECF No. 1, p. 3. He also alleges that his supervisors (Daniels, Riggs, and Cardwell) denied him "ride days" that were provided to others and assigned him lower revenue accounts than his Caucasian

---

[2] The plaintiff's memorandum in opposition to the motion for summary judgment does not comply with Local Civil Rule 7.05(A)(4) which requires "a concise statement of the material facts in dispute with reference to the location in the record." However, the Magistrate Judge incorporated allegedly contested facts that she could glean from the plaintiff's memorandum.

4

counterparts. He also alleges that Defendant stifled his ability to earn commissions by telling potential customers who requested him to service their accounts that they were outside his territory. He asserts that he complained about these issues and was constructively discharged in retaliation for the complaints. Defendant denies that Plaintiff was subjected to the alleged discrimination and retaliation. *See* Answer, ECF No. 6. Defendant also asserts, *inter alia*, the applicable statute of limitations "[t]o the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations. *See* ECF No. 6 at 10.

## DISCUSSION

### I.     R & R and Objections

In the R&R, the Magistrate Judge recommends the Court grant the defendant's motion for summary judgment on the basis that the plaintiff has not established a *prima facie* case of race discrimination in that he has not shown an adverse employment action or presented competent evidence that similarly situated employees outside his protected class received more favorable treatment. She further recommends a finding that Plaintiff has not submitted sufficient evidence to demonstrate that Defendant's explanation for his treatment was pretextual. The Magistrate Judge then recommends the Court grant Defendant's motion for summary judgment as to Plaintiff's retaliation claim. Regarding the retaliation claim, the Magistrate Judge finds that Plaintiff is proceeding under the burden shifting framework of *McDonnell Douglas*, as Plaintiff did not present direct evidence of retaliation. The Magistrate Judge then recommends the Court find that Plaintiff cannot satisfy the adverse action or causation prongs of the *prima facie* retaliation case. The Magistrate Judge also finds that the motion for summary judgment should be granted as to each of the plaintiff's state law claims.

Plaintiff timely filed objections to the Magistrate Judge's R & R. Plaintiff first objects to the Magistrate Judge's finding regarding the Title VII race discrimination claim that the plaintiff has not shown that he suffered an adverse employment action. He contends that "the HR person requesting to review only Plaintiff's files is an adverse action, this is a specific example of strict scrutiny." (ECF No. 47, p. 3) He additionally asserts that "the unequal distribution of accounts would also be adverse employment actions." *Id*. He objects to the finding of the Magistrate Judge that he was not constructively discharged. Plaintiff also asserts in his objections that "[t]he lack of comparators should not be fatal to a discrimination claim, when you have direct evidence of supervisor sabotage, complaints to the president of unequal treatment, heightened scrutiny and resulting unattainable goals set for plaintiff only." *Id*. at 6. Finally, he asserts that there was no independent evidence of customer complaints against him and that the evidence did not show poor job performance.

Regarding the retaliation claim, the plaintiff objects to the Magistrate's finding that he has failed to satisfy the adverse action or causation prongs of his *prima facie* case. He cites a Sixth Circuit case, *Laster v. City of Kalamazoo*, 746 F.3d 714 (6th Cir. 2014), *reh'g denied* (Apr. 2, 2014), which found that a plaintiff had satisfied his *prima facie* case where evidence showed the plaintiff was "[f]acing heightened scrutiny, receiving frequent reprimands for breaking selectively enforced policies, being disciplined more harshly than similarly situated peers, and forced to attend a predetermination hearing based on unfounded allegations of wrongdoing" and that a reasonable worker in the plaintiff's shoes might have been dissuaded from filing a discrimination claim. *Id.* at 732.

The defendant first points out in its Response to the plaintiff's objections that Plaintiff did not address some of the Magistrate's findings and requests the Court to adopt these findings on the basis

that no clear error occurred. As noted by the defendant, the plaintiff has not objected to the following findings: (1) any acts by the defendant that occurred before December of 2011 are time barred under Title VII's statute of limitations; (2) work related emails and alleged failure to support the plaintiff as a TM are not adverse employment actions under Title VII; and (3) the plaintiff's state law claims fail as a matter of law. The Court agrees with the defendant that the plaintiff has not specifically objected to these matters and finds no clear error in those findings by the Magistrate Judge.

### I.     Title VII Race Discrimination

Plaintiff objects to the Magistrate Judge's determination that he has failed to meet his *prima facie* case of race discrimination under Title VII. Nevertheless, the Court finds that he has failed to show that he suffered an adverse employment action, and he has failed to identify similarly situated comparators.

As noted by the Magistrate Judge, an adverse employment action is "a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). *See also, Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981). Plaintiff asserts in his objections that he suffered adverse employment actions because: (1) he was subjected to "heightened scrutiny" when human resources reviewed his accounts; (2) there was an "unequal distribution of accounts"; and (3) he was allegedly forced to meet unattainable goals that led to Performance Improvement Plans ("PIP"). Pl. Obj. at 3-5, ECF No. 47. Plaintiff's assertion that "heightened scrutiny" of his accounts by human resources constitutes an adverse employment action is not supported by case law in the Fourth Circuit. *See, e.g., Lambert v. Washington Suburban Sanitary Comm'n*, 93 F. Supp. 2d 639, 643 (D. Md. 2000) (finding that alleged

increased scrutiny, exaggerated negative evaluations and verbal reprimands are not "ultimate employment decisions" under Title VII); *Auriemma v. Logan's Roadhouse, Inc.*, No. 7:12cv00284, 2012 WL 5844967, at *4 (W.D. Va. Nov. 19, 2012) ("heightened oversight and scrutiny" does not constitute adverse employment action); *Dawson v. Rumsfeld,* No. 1:05CV1270 (JCC), 2006 WL 325867, at *6 (E.D.Va. Feb. 8, 2006) (finding employer's increased scrutiny of employee's performance failed to establish adverse employment action). Moreover, there is nothing in the record to show that Plaintiff experienced more scrutiny than any other TM. To the contrary, the record demonstrates that, as a part of her process to ensure that the performance feedback was fair and supported by his actual performance, and also to compare his performance with that of other TMs, Human Resources Manager Cheryl McLaughlin reviewed Plaintiff's performance and account information in conjunction with his Performance Action Plans ("PAPs") and PIP. (McLaughlin Dep. at 22:23-25:5, ECF No. 49-1) In her evaluation and comparison of the data, she concluded that Plaintiff had issues with his performance that other TMs did not. (*Id*.)

With respect to the alleged "unequal distribution of accounts," Plaintiff argues that he was denied the opportunity to work a Hampton Inn account. The affidavit of Linda Davis (manager of the Hampton Inn, Murrells Inlet), submitted by the plaintiff in opposition to the motion for summary judgment (ECF No. 38-8), stated that she wanted the plaintiff to be her salesman but that she was told by Ray Riggs "that Benson Bradley would not be my salesman because it was out of Benson's area." In his deposition, Kyle Conder (another Territory Manager) testified that he had never been told of any restrictions on accounts in other territories. (ECF No. 38-10, p. 10) However, it is uncontroverted that Plaintiff was assigned one of the largest restaurant accounts in his District, the

CentraArchy account, and he was the recipient of sales awards as a result of the large accounts given to him by Defendant. He has presented no evidence that he was assigned fewer or less profitable accounts than other TMs. Accordingly, Plaintiff cannot show that he suffered an adverse employment action as a result of the distribution of accounts. *See, e.g., Nichols v. Comcast Cablevision of Maryland*, 84 F. Supp. 2d 642, 654 (D. Md.) *aff'd*, 217 F.3d 840 (4th Cir. 2000) (no adverse employment action because plaintiff failed to provide evidence that reassignment to new "less profitable" sales territory resulted in pay cut or any other reduction of benefits).

Plaintiff's assertion that he was given unattainable goals that resulted in PIPs is also unsupported by the record. In fact, by Plaintiff's own deposition testimony, the goals in his PIP were attainable. Plaintiff testified that had he not resigned, he would have met the goals in his PIP. Pl. Dep. 388:24-389:5, ECF No. 33-4. In his objections, however, Plaintiff argues that the goals were not attainable. It is well-supported that Plaintiff cannot create a triable issue of fact by contradicting his prior sworn testimony. *See Barwick v. Celotex Corp*., 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct."); *Rohrbough v. Wyeth Labs., Inc*., 916 F.2d 970, 975-76 (4th Cir. 1990) (same).

Plaintiff also disputes the Magistrate Judge's finding that he was not constructively discharged. Plaintiff cites a case from the Seventh Circuit Court of Appeals, *E.E.O.C. v. Univ. of Chicago Hosp.*, 276 F.3d 326 (7th Cir. 2002), to support his constructive discharge claim. In that case, the court found that the EEOC met its burden of showing constructive discharge because: (1) plaintiff's employer told plaintiff that she wanted her out; (2) plaintiff's employer told her that she was going to make it very hard for her so she would quit; and (3) upon plaintiff's return from

vacation, she found her desk packed up and her office was being used for storage. *Id*. at 329-32.   In the case at bar, Plaintiff complains of heightened scrutiny and PIPs, which do not constitute constructive discharge as a matter of law. *See, e.g., Auriemma*, 2012 WL 5844967, at *4 (heightened oversight and scrutiny, threats to report her for minor infractions, and failure to respond to her complaints, requests, and inquiries are not plausibly adverse employment actions and "they do not plausibly show the intolerability requirement necessary for a constructive discharge"); *Shetty v. Hampton Univ*., No. 4:12CV158, 2014 WL 280448, at *17 (E.D. Va. Jan. 24, 2014) (finding PIP not enough to substantiate constructive discharge claim).

Also, as correctly found by the Magistrate Judge, Plaintiff cannot establish a *prima facie* race discrimination case because he cannot identify any similarly situated comparators. (R&R at 21-24, ECF No. 46) Indeed, in his objections, Plaintiff concedes this point by arguing (with no support) that his failure to do so should not be fatal to his claim. (Pl. Obj. at 6-7, ECF No. 47.) In sum, because Plaintiff cannot establish a *prima facie* race discrimination case, summary judgment is granted as to this claim.

Even if the Court were to find that the plaintiff has satisfied his *prima facie* case, he has failed to show that any of the employer's employment decisions were a pretext for race discrimination. "For a plaintiff to prove an employer's articulated reason is a pretext for discrimination, he must prove *both* that the reason was false, *and* that discrimination was the real reason for the challenged conduct. *Jimenez v. Mary Wash. Coll.*, 57 F.3d 369, 378 (4th Cir. 1995)." (R&R at 25, ECF. No. 46.) Rather than address this basic principle for establishing pretext, Plaintiff makes a series of unsupported arguments.   Plaintiff argues that his history of complaints against his supervisors and the alleged unsupported evidence of poor job performance is enough to create a question of fact as to

pretext. (Pl. Obj. at 7, ECF No. 47.) However, Plaintiff has provided no support for his theories, either in law or fact. Plaintiff asserts in his objections that his performance was "sabotaged" by his supervisors, but fails to provide any record evidence demonstrating that his performance was "sabotaged." Plaintiff states that evidence of "selective enforcement of rules" calls into question the veracity of the employer's explanation. (*Id.* at 8.) However, he fails to support his argument with evidence from the record. Plaintiff cites *Toth v. Gates Rubber Co.,* No. 99-1017, 2000 WL 796068 (10th Cir. June 21, 2000). However, Toth is distinguishable. In *Toth*, the plaintiff presented evidence from a coworker who stated that he did not believe her performance was bad enough to warrant termination; this information was submitted to the decision maker; and she was terminated despite this information. *Id*. at *7. Here, there is no testimony from any employee that Plaintiff's performance was not so bad that he should not have been issued the various PAPs, PIPs, or any other employment action. Therefore, the Court is not convinced by Plaintiff's reliance on *Toth*.

Because Plaintiff has not established pretext, his Title VII race discrimination claim is dismissed. *See, e.g., Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006)("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.") "Although [the Court] does not make credibility determinations at the summary judgment phase, [it] should also not find a genuine dispute of material fact based solely on . . . self-serving testimony."  *Harris v. Home Sales Co.*, 499 F. App'x 285, 294 (4th Cir. 2012); *see also Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir.2004) ("[A] self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment.").

Accordingly, Plaintiff's Title VII race discrimination claim is dismissed.

**II.     Retaliation**

Plaintiff asserts in his objections that he has shown adverse action by the employer's heightened scrutiny after his complaint, the supervisor's refusal to allow him to service street accounts outside his territory, and giving him "unattainable" goal plans.   Although the showing in the retaliation context of action by the employer that was "materially adverse" is a "less onerous" burden than the showing of an adverse employment action in the race discrimination context, the Court agrees with the Magistrate Judge that plaintiff has not made a sufficient showing.

However, even if Plaintiff did satisfy this prong of the *prima facie* case, he still failed to establish a *prima facie* case of retaliation because he has not shown causation.   He has not shown that the individuals who issued the PIPs and PAPs to Plaintiff had knowledge that he had engaged in any protected conduct. Instead of addressing this critical element of his retaliation claim, Plaintiff relies upon a case from outside this Circuit—*Laster v. City of Kalamazoo*, 746 F.3d 714 (6th Cir. 2014). However, the court in *Laster* did not even analyze the causation factor, as it was not in dispute. Rather, the court focused its analysis of the retaliation claim on whether plaintiff suffered an adverse employment action that might have dissuaded a reasonable worker from making or supporting a charge. *Id*. at 732.   As noted by the Magistrate Judge, "it is not enough that a supervisor be aware of an employee's general complaint of unequal or unfair treatment to causally link actions as retaliation for having engaged in protected activity." (R&R, p. 30, ECF No. 46)     Also, the plaintiff admitted that he did not complain to the president at the round table discussion of discrimination on the basis of race.   Plaintiff has failed to create a genuine issue of material fact as to the causation element of the *prima facie* case of his retaliation claim.

Also, even if the plaintiff has established a *prima facie* case of retaliation, he has failed to

show that the defendant's actions resulted from pretext. *See Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 252 (4th Cir. 2015) [holding that *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) did not alter the "legal standard for adjudicating a *McDonnell Douglas* retaliation claim" and that, at the pretext stage, the plaintiff must still prove that retaliation was the but-for cause of a challenged adverse employment action].

Accordingly, for the above reasons, Defendant's summary judgment motion is granted as to the Title VII retaliation claim.

### III.     State Law Claims

As discussed hereinabove, Plaintiff has not made specific objection to the Magistrate Judge's recommendation that Court grant summary judgment to the defendant regarding the state law claims. The Court has reviewed the R&R as to the state law claims and finds no clear error.

### CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendant's Motion for Summary Judgment, Plaintiff's Response in Opposition to Motion for Summary Judgment, Defendant's Reply to Plaintiff's Response, the R & R, Plaintiff's objections to the R & R, Defendant's Response to Plaintiff's Objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment is **GRANTED**, and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
September 2, 2015