IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Benson Bradley | ) | Civil Action No.: 4:14-cv-1772-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| U.S. Foods, Inc. f/k/a U.S. Foodservice, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This Court entered its Order in this action[1] on September 2, 2015, adopting the Report and Recommendation of United States Magistrate Judge Kaymani D. West, and granting the defendant's motion for summary judgment. Judgment was entered by the Clerk on the same date in favor of the defendant. Defendant filed a Bill of Costs on September 16, 2015 requesting an award of costs for depositions totaling $3,111.05 and copy costs of $1,017.60 for a total of $4,128.65. The plaintiff has objected to the defendant's bill of costs.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id*., *citing Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). The expenses which may be taxed are

---

[1] The plaintiff's Complaint alleged causes of action for race discrimination and retaliation under Title VII, 42 U.S.C. Section 2000e, *et seq*, and state law claims.

1

listed in 28 U.S.C. § 1920.[2]

Costs may be denied only when there would be an element of injustice in a presumptive cost award. *See Delta Air Lines v. August*, 450 U.S. 346, 355 (1981). Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *Teague*, 35 F.3d at 996.

As grounds for denial of costs to the defendant, the plaintiff asserts that it would be inequitable to award the defendant costs due to the fact that "Plaintiff had a good faith belief in this lawsuit, the issues were close and difficult enough that there could have been a finding that the employer discriminated against Plaintiff, and the equities in this case preclude Defendant from pursuing costs against Plaintiff." (ECF No. 53, p. 1) Regardless of whether the plaintiff had a good faith belief in the lawsuit, the Court found that his evidence was not sufficient as a matter of law. The issues were not close and difficult. The amount of time taken between the date the motion for summary judgment was filed and the date of the court's decision was dictated by the demands of the Court's docket and not the complexity of the issues. Finally, the plaintiff provides no reasons why the equities in the case would preclude an award of costs against him other than the conclusory statement that the plaintiff is "of modest means." (*Id*., p. 3)

For the reasons stated above, Defendant is awarded costs in the amount of **$4,128.65**. These costs shall be included in the judgment of this Court.

---

[2] Local Rule 54.03 also references other federal statutes and rules pertaining to costs which are not involved in this case.

**AND IT IS SO ORDERED.**

                                                       s/ R. Bryan Harwell
                                                      R. Bryan Harwell
                                                      United States District Court Judge

October 7, 2015
Florence, South Carolina